IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN GRAY-BEY | : | |
|    Plaintiff | : | |
| v. | : | Civil Action No: AMD-07-1371 |
| WARDEN | : | |
|    Defendant | : | |

...o0o...

## MEMORANDUM

Plaintiff has filed a supplemental complaint and a motion to proceed in forma pauperis, in compliance with this court's order of June 20, 2007. Papers No. 3 and 4. Upon review of the papers filed and for the reasons that follow, the court concludes that the complaint must be dismissed for failure to state a claim.

Plaintiff claims that policies in place at Eastern Correctional Institution (ECI) with respect to legal mail violate his right of access to courts. Paper No. 3. Specifically, he refers to an institutional directive requiring staff to provide an inmate with legal mail, but not the envelope. *Id*. at Ex. 1, p. 8. Plaintiff documents the occasions where he was provided with his legal mail, but not the envelopes. *Id*. at pp. 2–5. Plaintiff filed administrative remedy procedure requests concerning the policy, but all requests were denied. *Id*. The policy, a copy of which is provided by plaintiff as an exhibit, provides that if information from the envelope is needed, the information may be written on a separate sheet of paper and provided to the inmate. *Id*. at p. 8. Plaintiff asserts that he needs the envelopes "for future documentation" and to enable him to establish when the mail arrived at the institution. *Id*. at pp. 10–11. He does not, however, describe any particular instances where he was required to provide such information and was not able to do so because of this policy, or any particular instances where he suffered actual harm as a result of the policy. *Id*.

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) (*quoting Lewis v. Casey*, 518 U. S. 343, 355 (1996)).  "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349.  Plaintiff cannot show an actual injury resulting from the policy in place at ECI.  Even viewing the instant complaint is under the relaxed standard applicable to a pro se complaint, it is clear that it is subject to dismissal for failure to state a claim.  There is no discernible federal issue presented by plaintiff's allegation that he is entitled to receive the envelopes in which his legal mail is delivered.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the first filed by plaintiff that has been dismissed as frivolous.   For the reasons stated, this case will be dismissed by separate order.

Filed: July 24, 2007                                    _/s/_____
                                                        Andre M. Davis
                                                        United States District Judge

2